UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 19- |
| | : | |
| v. | : | |
| | : | |
| **RONNIE SIMPKINS,** | : | |
| | : | 18 U.S.C. § 201(b)(2) (Bribery). |
| Defendant. | : | Forfeiture Allegation: |
| | : | 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), |
| | : | 21 U.S.C. § 853(p). |

**I N F O R M A T I O N**

The United States Attorney informs the Court:

**COUNT ONE**
**(Bribery—18 U.S.C. § 201(b)(2))**

From in or about August 2011, through in or about August 2017, in the Eastern District of Virginia and elsewhere, the defendant,

**RONNIE SIMPKINS**,

being a public official, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally, in return for being influenced in the performance of an official act, being influenced to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and being induced to do an act and omit to do an act in violation of his official duty; that is— SIMPKINS, a contracting officer employed by the General Services Administration, sought and received cash, meals, and furniture totaling at least approximately $12,108.91, in return for recommending and signing Company A's contracts with GSA, even though Company A failed to meet program requirements; willfully neglecting to notify GSA when Company A's contract under

his supervision no longer met program requirements; and advising Company A about ways to avoid contract cancellation despite failing to meet GSA's program requirements.

**(In violation of Title 18, United States Code, Section 201(b)(2).)**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One of this Information, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $12,108.91.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

Defendant shall forfeit to the United States any other property of Defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

JESSIE K. LIU
United States Attorney
for the District of Columbia

By: _____/s/ Cheatham_____
VIRGINIA CHEATHAM
Assistant United States Attorney
DC Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530
(202) 252-7820