# IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF COLUMBIA
### Criminal Division

**United States**                                       :
                                                        :
**v.**                                                  :    **Case No.: 19-CR-00403 (TNM)**
                                                        :    **Sentencing Date: 10/6/2020**
                                                        :
**Ronnie Simpkins**                                     :
           *Defendant*                                  :
                                                        :

---

## DEFENDANT SIMPKINS' SUPPLEMENT TO HIS PRESENTENCE MEMORANDUM

**Comes now, Ronnie Simpkins**, defendant herein, by and through his undersigned Counsel, Leonard L. Long, Jr. Esquire, acting pursuant to the Federal Rules of Criminal Procedure, the Local Rules of this Court and this Court's Order and submits the following as a supplement to Mr. Simpkins' previously filed Presentence Report:

It is respectfully requested that in fashioning and imposing its sentence in this matter that the Court, exercise its considerable discretion and give ample weight and consideration to the existence of the Corona Virus pandemic in the United States and the devastating effect that said pandemic is reported to have on the federal prison population in general and Mr. Ronnie Simpkins, in particularly.

Mr. Simpkins is a 68-year-old black elderly male with pre-existing medical conditions (see Pre-Sentence Memorandum) who is said by, leading medical experts and scientists to be a member of a group of citizens which is more susceptible to "catching" and dying from the Corona Virus. These findings are

irrespective of whether the member of the subject group is or is not incarcerated. Moreover, it has been widely reported that those incarcerated in the federal and state prisons are more susceptible to the Corona virus than the general populous of the United States. Thus, undersigned Counsel contends that a sentence including incarceration in Mr. Simpkins' case would result in a heightened exposure to the Corona Virus/Covid-19 as well as a heightened exposure to the possibility of a debilitating and prolonged illness and or death.

Mr. Simpkins through Counsel also requests that the Court in fashioning a sentence that it deems appropriate in this matter consider:

1. That elderly prisoners such as Mr. Simpkins are also **more expensive** to incarcerate than younger prisoners, largely because they often have more medical problems that require treatment, medication, and surgery.

2. That elderly prisoners such as Mr. Simpkins **reoffend at lower rates** than younger prisoners and have fewer disciplinary incidents while incarcerated.

3. That the Bureau of Prisons (BOP) currently **lacks sufficient medical personnel** and resources to address elderly offender such as Mr. Simpkins medical needs within reasonable time periods.

4. That the BOP **facilities are not equipped** to accommodate the special needs and physical limitations of elderly prisoners such as Mr. Simpkins (e.g., having lower bunks, handrails in showers, etc.).

5. That the BOP employees are **not properly trained** to recognize and address the needs of elderly prisoners such as Mr. Simpkins, and there are currently not enough social workers to help the large

number of elderly prisoners find the resources they need for successful reentry.

Finally, Mr. Simpkins through Counsel respectfully requests that in fashioning and imposing its sentence that the Court recognize Mr. Simpkins' lack of criminal history, exemplary public service including Military Services (with the exception of the instant offense). In the instant case undersigned Counsel represents to this Court while Defendant has not been incarcerated during the pendency of this case, he has suffered what is considered to be atypical punishment such as the loss of his reputation as well as the overwhelming shame and humiliation that his actions have bought upon him resulting in his involvement in the criminal justice system.

In view of the foregoing, Mr. Simpkins, through Counsel respectfully suggests that a Sentence as to Mr. Simpkins that includes counseling and treatment and a period of supervised release (in lieu of incarceration) will achieve the goals of protecting society, deterring future criminal conduct and punishment is appropriate under the circumstances.

Respectfully Submitted,

/s/ Leonard L. Long, Jr.

Leonard L. Long, Jr.
Attorney for Defendant,
Ronnie Simpkins
2028 4th Street, N.E.
Washington, D.C. 20002
202-747-3591
Bar No. 385311

3

## Certificate of Service

I hereby certify that on this 29th day of September 2020, a copy of the foregoing was either emailed or electronically submitted (ECF) to AUSA Joseph Cooney at the United States Department of Justice located at 555 4th Street, N.W., Washington, D.C. 20530

Email Joseph.cooney@usdoj.gov

Leonard L. Long, Jr.

4